UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LEO CARLTON FITZPATRICK WEEKES,<br><br>Defendant. | Magistrate No. 13-452<br>DAR |

MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION

**I. INTRODUCTION**

Defendant Leo Carlton Fitzpatrick Weekes is charged by criminal complaint as a person required to register under the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901 et seq., and having traveled in interstate and foreign commerce subsequent to his conviction for a sex offense, with knowingly failing to update a registration as required by SORNA, in violation of 18 U.S.C. § 2250(a). *See* Criminal Complaint (Document No. 1). The undersigned conducted a detention hearing on June 3, 2013.

Upon consideration of the exhibits admitted into evidence without objection by defense counsel, proffers by the parties, and the entire record herein, the undersigned ordered Defendant Leo Carlton Fitzpatrick Weekes held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of

conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). *See also United States v. Henry*, 935 F. Supp. 24, 25 (D.D.C. 1996) ("If a defendant poses a danger to society, the Court has a sufficient basis upon which to order pretrial detention.") (citation omitted).

In instances in which pretrial detention is sought on the ground that there are no conditions of release that will reasonably assure the defendant's appearance, the government must show by a preponderance of the evidence that the defendant poses a risk of flight if released before trial. *United States v. Anderson*, 382 F. Supp. 2d 13, 14 (D.D.C. 2005) (noting that the Bail Reform Act "provides for pretrial detention if the government establishes by a preponderance of the evidence that the defendant is likely to flee before trial if released and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required") (citations omitted).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required, and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III. DISCUSSION

On the record at the commencement of the proceeding, Defendant waived his right to a preliminary hearing. *See* Waiver of Preliminary Examination or Hearing (Document No. 3). With respect to the detention hearing, both counsel proceeded by proffer. Counsel for the government asked that the court incorporate by reference the statement of facts in support of the criminal complaint. Defense counsel did not object. In support of the government's proffer, counsel for the government, by way of exhibits numbered one through five, submitted documents related to Defendant's requirement to register as a sex offender after his conviction and subsequent certification as a Class B Sexual Offender in the Superior Court for the District of Columbia in 2010. Counsel for the government proffered that the Defendant is a registered sex offender in the District of Columbia, and that he failed to report that he lived in Maryland from September or November 2012; failed to report that he worked at a day care in Washington, D.C., and failed to update his residence and employment with the State of Maryland and the District of Columbia sex offender registry as required.

Specifically, counsel for the government proffered that the Defendant's District of Columbia Court Services and Offenders Supervision Agency (CSOSA) probation supervisor became suspicious on December 5, 2012 when the Defendant presented a Maryland driver's license but claimed a D.C. address as his residence at the time he registered with the D.C. Sex Offender Registry. In addition, the CSOSA probation supervisor became suspicious when the Defendant produced a copy of his marriage certificate from the State of Maryland but the address was blacked out. Counsel for the government further proffered by way of exhibit number seven, that the Defendant reported his automobile stolen on January 25, 2013, and in the report to his

United States v. Weekes                                                                                                                                    4

auto insurance carrier, listed a Maryland address as his residence and his place of employment at his mother's child day care center located in the District of Columbia.  However, a few days earlier, the Defendant registered with the D.C. Sex Offender Registry and provided a D.C. address as his residence but possessed a Maryland driver's license and reported he was unemployed.  Counsel for the government proffered that the Defendant told his probation officer on that same day that he was working at his mother's child day care center which also is his mother's residence and a place the Defendant stays from time to time which he reported as his residence when he initially registered as a sex offender in 2011.

  With respect to Defendant's stolen vehicle report to his auto insurance carrier, counsel for the government proffered that the Defendant provided a recorded statement to the claims investigator in which he provided a Maryland address as his residence.

  Counsel for the government proffered by argument and exhibits numbered nine, ten, and seventeen that Defendant purchased a new vehicle; applied for a certificate of title from the Maryland Motor Vehicle Administration; married in Prince George's County and listed a Maryland address as his residence.

  Counsel for the government concluded her proffer by stating that Defendant is a danger to the community because he used deception to conceal that he was living in Maryland and working at a day care in direct violation of his conditions of supervision and requirements as a registered sex offender to update his residence and employment, and that the community in Maryland was not aware of his presence.

  Defendant, through counsel, argued that Defendant is not a threat to the community. Counsel for the Defendant argued that Defendant's actions in this matter were mischaracterized

by the government. Specifically, the Defendant attempted to transfer his supervision from the District of Columbia to Maryland, and was working with CSOSA to accomplish this; however, the Defendant's request was denied because of the then-pending probation revocation hearing. Counsel for Defendant proffered that the undersigned can fashion conditions to assure the safety of the community by requiring him to report to the Pretrial Services Agency, and that he has a very supportive wife who was present in the courtroom.

## IV. FINDINGS OF FACT

Upon consideration of the factors enumerated in Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community.

First, the nature and circumstances of the offense charged indicate that Defendant is a registered sex offender and, as such, is required to register his residence and employment with Maryland Sex Offender Registry but he failed to do so.

Second, the undersigned finds that the weight of the evidence against Defendant is compelling. Specifically, Defendant failed to update his residence and employment with the State of Maryland Sex Offender Registry and was employed at a day care.

Third, Defendant's history and characteristics militate against pretrial release. The Defendant provided conflicting evidence regarding his residence and employment to his CSOSA probation officer which raised suspicion that Defendant was in violation of his conditions of supervision. The undersigned notes that at the time of the instant offense, Defendant was on probation and was in non-compliance with the conditions of his probation. The undersigned also

United States v. Weekes                                                                                                         6

notes that the Defendant has the support of his wife who was present at the court proceedings.

      Finally, the undersigned is satisfied that the toll which sex-related crime has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that evidence of Defendant's failure to update his registration, and his multiple instances of deception regarding the reporting of his residence and employment, demonstrate that his release would pose a danger to the community, and further demonstrates that he is not amenable to community supervision.

## V.  CONCLUSION

      On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the June 3, 2013 Order of Detention.

                                                         /s/
                                      DEBORAH A. ROBINSON
                                      United States Magistrate Judge

JUNE 14, 2013
DATE

JUNE 3, 2013
NUNC PRO TUNC

United States v. Weekes                                                                                                         6

notes that the Defendant has the support of his wife who was present at the court proceedings.

Finally, the undersigned is satisfied that the toll which sex-related crime has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that evidence of Defendant's failure to update his registration, and his multiple instances of deception regarding the reporting of his residence and employment, demonstrate that his release would pose a danger to the community, and further demonstrates that he is not amenable to community supervision.

## V.  CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the June 3, 2013 Order of Detention.

                                             /s/
                              DEBORAH A. ROBINSON
                              United States Magistrate Judge

JUNE 14, 2013
DATE

JUNE 3, 2013
NUNC PRO TUNC